IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | Case No. 5:06-cr-00007 |
| v. ) | |
| ) | |
| ADRIAN JAMES McMILLER, ) | |
| ) | By: Michael F. Urbanski |
| Defendant ) | Chief United States District Judge |

## MEMORANDUM OPINION

Defendant Adrian James McMiller, proceeding pro se, seeks expungement of his criminal record and all affiliation with this criminal case in which he was convicted and incarcerated for aiding and abetting in drug possession and distribution under 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Mot., ECF No. 42. For the reasons set forth below, McMiller's motion is **DENIED**.

## BACKGROUND

On February 15, 2006, McMiller and another defendant were indicted on three counts of unlawfully, knowingly, and intentionally distributing or possessing with intent to distribute or aiding and abetting in distribution of five grams or more of a detectable amount of cocaine base, a Schedule II narcotic controlled substance, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B), and 18 U.S.C. § 2. Indictment, ECF No. 1.

On September 8, 2006, McMiller pled guilty to Count Two of the indictment. Plea Agreement, ECF No. 21, at 2. Counts One and Three were dismissed by motion of the government. J., ECF No. 33, at 1. McMiller was sentenced to 54 months of imprisonment and four years of supervised released. Id. at 2–3.

On August 9, 2022, McMiller filed this pro se motion for expungement, seeking an expungement for equitable reasons. These equitable reasons involve actions he took after the trial terminated including: (1) voluntarily taking part in the Residential Drug Abuse Program (RDAP) in prison; (2) speaking with young people about the danger of drugs; and (3) assisting addicts in recovery with obtaining a job and housing. Mot., ECF No. 42. He chose to take the RDAP course, despite having already received a reduced sentence due to new drug laws, in order to better understand the pain he inflicted in the community with his illegal activities. Id. McMiller has regained his voting rights and now looks to have his record fully expunged. Id.

## ANALYSIS

Federal court jurisdiction is limited to that which is granted in the Constitution and by statute. United States v. Sims, 556 F. Supp. 3d 569, 570 (E.D. Va. 2021) (citing United States v. Mettetal, 714 F. App'x 230, 233 (4th Cir. 2017) (unpublished)). Since there is no applicable statute providing for expungement, the only available jurisdictional basis is the doctrine of ancillary jurisdiction. United States v. McKnight, 33 F. Supp. 3d 577, 580 (D. Md. 2014). The doctrine of ancillary jurisdiction recognizes a federal court's jurisdiction over some matters, which otherwise would be outside the court's jurisdiction, that are incidental to other matters properly before the court. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 378 (1994). The Court in Kokkonen observed that federal courts have ancillary jurisdiction over issues for two purposes: (1) to permit disposition by a single court of claims that are factually interdependent; and (2) to enable a court to manage its proceedings, vindicate its authority, and effectuate its decrees. Id. at 379–80 (citations omitted).

The Fourth Circuit Court of Appeals relied on Kokkonen to hold that federal courts do not have ancillary jurisdiction to grant petitions for equitable expungement. Mettetal, 714 F. App'x at 234–35. The district court in Mettetal looked at Kokkonen, and cited the Supreme Court's observation that federal courts have ancillary jurisdiction only where necessary to permit disposition by a single court of claims that are factually interdependent and to enable a court to manage its proceedings, vindicate its authority, and effectuate its decrees. Mettetal's claim did not satisfy these criteria because he sought expungement in response to post-termination harassment and loss of privileges due to his criminal record. Mettetal, 714 F. App'x at 232–33 (citing Kokkonen, 511 U.S. at 379–80). The Fourth Circuit affirmed, noting that neither the Constitution nor any federal statute confers upon federal courts the power to expunge criminal convictions such as those of Mettetal. Id.

Applying this understanding of ancillary jurisdiction, the court found that it did not have jurisdiction to expunge Mettetal's petition on equitable grounds, first noting that at least seven circuit courts have found that Kokkonen bars federal courts from invoking ancillary jurisdiction to expunge criminal records for purely equitable reasons. Id. at 234–35 (collecting cases). The court next noted that Mettetal argued that he had not run afoul of the law since his arrest more than twenty years earlier and that his criminal record had adverse professional and personal consequences. Id. at 235. The court found that the facts underlying his request for equitable expungement did not satisfy the first prong of Kokkonen because they were not factually dependent on the underlying criminal case but instead dependent on facts collateral to or arising after the case was over. Id. (citing United States v. Wahi, 850 F.3d 296, 302 (7th Cir. 2017)). Nor would the exercise of ancillary jurisdiction satisfy the second prong of

3

Kokkonen, because "equitable considerations which arise after the termination of court proceedings do not operate to vitiate decrees that went into effect years earlier." Id. (citing Kokkonen, 511 U.S. at 378). "In short, Mettetal's petition for equitable expungement of his criminal records does not implicate either of Kokkonen's conditions for the exercise of ancillary jurisdiction, and we join the unified front of circuit authority in rejecting his claim." Id.

In the alternative, the court found that even if it had ancillary jurisdiction to consider Mettetal's claim, it failed on the merits. The court first found that cases where requests for expungement had been granted involved extreme cases, like mass arrests intended to curb the expression of civil rights. Mettetal, 714 F. App'x at 236 (citing Sullivan v. Murphy, 478 F.2d 938 (D.C. Cir. 1973) and United States v. McLeod, 385 F.2d 734 (5th Cir. 1967)). See also United States v. Schnitzer, 567 F.2d 536, 539–40 (2d Cir. 1977) (citing United States v. Linn, 513 F.2d 925, 927 (10th Cir. 1975) (noting that the power to expunge is narrow and should not be routinely used by courts when a prosecution ends in acquittal but should be reserved for unusual and extreme cases)). The court also noted that the judiciary and the public have an independent interest in maintaining a full and fair account of court proceedings and the judiciary's own role in the vindication of defendants' constitutional rights and found that the interest was present in Mettetal's case. Mettetal, 714 F. App'x at 236. Based on the foregoing, the court concluded that Mettetal was not entitled to expungement of his record. Id.

In the instant case, the court determines that it does not have jurisdiction, ancillary or otherwise, to grant this motion for equitable expungement. The motion fails to allege a factually interdependent basis through which expungement could be granted as all the reasons

4

alleged occurred after the termination of the case proceedings. A request for equitable expungement "always turns on facts collateral to or arising after the case is over." United States v. Reid, 2022 WL 17816783, at *1 (D. Md. 2022). McMiller seeks expungement of his criminal record based on his post-incarceration work with young people to warn of the dangers of using and selling drugs as well as his work with addicts in recovery. These actions occurred after the termination of his criminal case and are not directly connected to the underlying criminal case. Mot., ECF No. 42.

Furthermore, Mettetal's request for expungement followed an acquittal; McMiller's case involves a conviction and incarceration which raise the judiciary's and the public's interest in maintaining a full and fair account of court proceedings and the judiciary's own role in them. Mettetal, 714 F. App'x at 236 ("The judiciary and the public possess an independent interest in maintaining a full and accurate account of court proceedings and the judiciary's own role in the vindication of criminal defendants' constitutional rights."). See also Doe v. Public Citizen, 749 F.3d 246, 266 (4th Cir. 2014) ("[P]ublic access promotes not only the public's interest in monitoring the functioning of the courts but also the integrity of the judiciary."). As for the second prong, the granting of this expungement motion will not "enable [this] court to manage its proceedings, vindicate its authority, and effectuate its decrees." United States v. Robrecht, 2021 WL 120945, at *2 (W.D. Va. 2021). As the case has already been terminated and the motion does not refer to its own proceedings and decrees other than calling for its expungement, the motion does not fall under the court's proceedings, authority, or decrees.

Finally, even if the court did have ancillary jurisdiction, the motion would fail on the merits. While McMiller's positive post-incarceration behavior and community service certainly

are commendable, they do not constitute an extreme circumstance authorizing the court to order expungement. See Mettetal, 714 F. App'x at 236 (remarking on "extreme circumstances" in which an expungement may be proper including mass arrests intended to curb the expression of civil rights). See also United States v. Coloian, 480 F.3d 47, 52 (1st Cir. 2007) (holding that the district court did not have jurisdiction to consider Coloian's request to expunge on equitable ground because (1) the original claims before the district have nothing to do with the equitable grounds, (2) the expungement power is quite remote from what courts require in order to perform their functions, and (3) the records are entirely consistent with and respectful of the jury's ultimate judgment in the case) and Doe v. United States, 833 F.3d 192 (2d Cir. 2016) ("Expungement of a criminal record solely on equitable grounds, such as to reward a defendant's rehabilitation and commendable post-conviction conduct, does not serve any of the goals identified in Kokkonen's second prong.") (internal marks omitted).

For the reasons stated above, the court finds that it does not have the jurisdiction to consider McMiller's request for expungement of his record. Accordingly, McMiller's request for expungement is **DENIED**. An appropriate order will be entered.

It is so **ORDERED**.

Entered: October 25, 2023

Michael F. Urbanski
Chief United States District Judge

6